**UNITED STATES BANKRUPTCY COURT**
MIDDLE DISTRICT OF PENNSYLVANIA

In re: Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

| | |
|---|---|
| Stuart David Seiberling **Debtor 1** Nicole Lyn Seiberling **Debtor 2** | **Chapter** 13 **Case No.** 1:17-BK-05067-HWV **Matter:** Motion for Mortgage Modification |

## DEBTOR(S)' MOTION FOR MORTGAGE MODIFICATION

AND NOW, come the Debtor(s), Stuart David Seiberling and Nicole Lyn Seiberling, through their attorney, Paul D. Murphy-Ahles, Esquire and DETHLEFS PYKOSH & MURPHY, who files the within Debtor(s)' Motion for Mortgage Modification and aver as follows:

1. This case was commenced on December 8, 2017, when Debtor(s) filed a voluntary Petition for relief under Chapter 13 of the Bankruptcy Code.

2. The Chapter 13 Plan proposes to cure arrears owed to their mortgage Company, CENLAR, as well as arrears owed to Penn Waste.

3. M&T Bank currently holds a valid first mortgage against Debtor(s)' personal residence located at 1250 Southern Road, York, York County, Pennsylvania.

4. M&T Bank has offered the Debtor(s) a Loan Modification on the first mortgage with the following terms:

    a. Under the modified Note, the new unpaid principle balance due on the first mortgage is $110,492.61;

    b. Upon modification, the annual rate of interest charged on the unpaid principal balance of the loan will be reduced to a fixed rate of 4.000%; and

    c. Debtor(s)' estimated new mortgage monthly payment on principle and interest balance will be in the amount of $527.51.

A copy of the Loan Modification Agreement is attached hereto as Exhibit "A".

5. The loan modification is in the best interest of the Debtor(s) as it lowers their monthly payment and interest rate on the remaining principal balance owed on the mortgage and cures all pre-petition arrearages.

**WHEREFORE**, the Debtor(s) respectfully request this Honorable Court to approve the Mortgage Modification with M&T Bank.

Respectfully submitted,
**DETHLEFS PYKOSH & MURPHY**

Dated: December 17, 2019

/s/ Paul D. Murphy-Ahles
_____
Paul D. Murphy-Ahles, Esquire
PA ID No. 201207
2132 Market Street
Camp Hill, PA 17011
(717) 975-9446
pmurphy@dplglaw.com
*Attorney for Debtor(s)*

**After Recording Return To:**
RUTH RUHL, P.C.
Attn: Recording Department
12700 Park Central Drive, Suite 850
Dallas, Texas 75251

**Prepared By:**
RUTH RUHL, P.C.
12700 Park Central Drive, Suite 850
Dallas, TX 75251
877-766-6677

Parcel ID No.: 48-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-00-00000

_____[Space Above This Line For Recording Data]_____

Loan No.:                                                        FHA Case No.:

# LOAN MODIFICATION AGREEMENT
(Providing for Fixed Interest Rate)

      This Loan Modification Agreement ("Agreement"), made this   5th   day of   December, 2019  ,
between STUART D. SEIBERLING and NICOLE L. SEIBERLING, whose address is 1250 SOUTHERN
ROAD, YORK, Pennsylvania 17403

("Borrower")
and Lakeview Loan Servicing, LLC by its attorney-in-fact M&T Bank, whose address is 4425 Ponce de Leon Blvd,
5th Floor, Coral Gables, Florida 33146

("Lender"),
amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated
January 31st, 2014  , recorded February 4th, 2014  , and recorded in Book/Liber 2267  , Page 6171  ,
Instrument No. 2014004744  , of the Official Records of  York  County, Pennsylvania  ,
and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and
personal property described in the Security Instrument and defined therein as the "Property," located at
1250 SOUTHERN ROAD, YORK, Pennsylvania 17403                                                                                                      .
Said Security Instrument was assigned as follows:
      From Mortgage Electronic Registration Systems, Inc. as nominee for Loanleaders of America, Inc., its
successors and assigns                                                                                                                                                       , to
Lakeview Loan Servicing, LLC

by assignment dated  February 15th, 2017  , and recorded on  February 16th, 2017  of the Official Records of
York                    County, State of Pennsylvania in Book/Liber  2409                  , Page 776                  ,
Instrument No. 2017007549           .

Original Loan Amount: $127,546.00

---

PENNSYLVANIA LOAN MODIFICATION AGREEMENT                                                                                   Page 1 of 6
(FNMA Modified Form 3179 1/01 (rev. 04/14))

Loan No.:

    From N/A

to N/A

, by assignment dated N/A ,
and recorded on N/A     of the Official Records of York    County, State of Pennsylvania
in Liber or Book N/A , Page N/A , Instrument No. N/A .

    From N/A

to N/A
by assignment dated N/A , and recorded on N/A     of the Official Records of ,
York    County, State of Pennsylvania in Liber or Book N/A     , Page N/A ,
Instrument No. N/A .

the real property described being set forth as follows:
SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

SEE EXHIBIT "B" ATTACHED HERETO AND MADE A PART HEREOF.

    In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

    1.    As of January 1st, 2020 , the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $ 110,492.61 , consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

    2.    Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 4.000 %, from December 1st, 2019 . Borrower promises to make monthly payments of principal and interest of U.S. $527.51 , beginning on the 1st day of January, 2020 , and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of 4.000 % will remain in effect until principal and interest are paid in full. If on December 1st, 2049 , (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

    3.    If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

    4.    Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the specified date in paragraph No. 1 above:

Loan No.:

(a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

(b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

(a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging☐.

6. If applicable, by this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligations to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

7. Borrower will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay

Loan No.:

directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and Borrower shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this paragraph.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender and Borrower can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund Borrower any Funds held by Lender.

Loan No.: 

_____  _____(Seal)
Date                          STUART D. SEIBERLING         –Borrower

_____  _____(Seal)
Date                          NICOLE L. SEIBERLING, signing solely to  –Borrower
                              acknowledge this Agreement, but not to incur
                              any personal liability for the debt

_____  _____(Seal)
Date                                                       –Borrower

_____  _____(Seal)
Date                                                       –Borrower

## BORROWER ACKNOWLEDGMENT

State of _____   §
                         §
County of _____  §

    On this, the_____day of_____,_____, before me _____,
the undersigned officer, personally appeared STUART D. SEIBERLING and NICOLE L. SEIBERLING

known to me (or satisfactorily proven) to be the person whose name(s) is/are subscribed to the within instrument, and acknowledged that he/she/they executed the same for the purposes therein contained.
    In witness whereof, I hereunto set my hand and official seal.

(Seal)
                                                _____
                                                Notary Signature

                                                <u>Notary Public</u>
                                                Title of Officer

ACKNOWLEDGMENT (PENNSYLVANIA)                                              Page 5 of 6

Case 1:17-bk-05067-HWV    Doc 55    Filed 12/17/19    Entered 12/17/19 08:57:43    Desc
Main Document    Page 7 of 16

<u>Lakeview Loan Servicing, LLC by its</u>
attorney-in-fact M&T Bank    –Lender

_____ -Date

By: _____

Its: _____

## LENDER ACKNOWLEDGMENT

State of _____ §
§
County of _____ §

On this, the _____ day of _____, _____ before me_____,
the undersigned officer, personally appeared _____ who acknowledged himself/herself to be the_____ of Lakeview Loan Servicing, LLC by its attorney-in-fact M&T Bank

a entity, and that he/she as such _____being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of said entity by himself/herself as
_____.
In witness whereof, I hereunto set my hand and official seal.

(Seal)

_____
Notary Signature

<u>Notary Public</u>
Title of Officer

"I, _____, do hereby certify that the correct address of the within named Mortgagee is 4425 Ponce de Leon Blvd, 5th Floor, Coral Gables, Florida 33146. Witness my hand this _____ day of _____, _____."
Signed: _____
By: _____

Loan No.:

## EXHIBIT "B"

(1) The Security Instrument executed by STUART D. SEIBERLING and NICOLE L. SEIBERLING

in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Loanleaders of America, Inc., A California Corporation
in the original principal sum of $ 127,546.00 , dated January 31st, 2014 , recorded on February 4th, 2014 , in Liber or Book 2267 , Page 6171 , Instrument No. 2014004744 ,of the office of the Clerk of York County, Pennsylvania .

Said Security Instrument was modified by a Loan Modification Agreement, recorded on April 12th, 2016, in Liber or Book 2363, Page 6383, Instrument No. 2016014390, of the Official Records of York County, Pennsylvania.

Said Security Instrument was assigned as follows:
    From Mortgage Electronic Registration Systems, Inc. as nominee for Loanleaders of America, Inc., its successors and assigns , to
Lakeview Loan Servicing, LLC

by assignment dated February 15th, 2017 , and recorded on February 16th, 2017 in the office of the Clerk of York County, State of Pennsylvania in Liber or Book 2409 , Page 776 ,
Instrument No. 2017007549 .

    From N/A

to N/A
, by assignment dated N/A ,
and recorded on N/A in the office of the Clerk of York County, State of Pennsylvania in Liber or Book N/A , Page N/A , Instrument No. N/A . .

    From N/A ,
to N/A ,
by assignment dated N/A ,and recorded on N/A in the office of the Clerk of York County, State of Pennsylvania in Liber or Book N/A , Page N/A ,
Instrument No. N/A .

EXHIBIT "B"

Loan No.:

# LOAN MODIFICATION AGREEMENT
# BANKRUPTCY DISCLOSURE ADDENDUM

THIS LOAN MODIFICATION AGREEMENT BANKRUPTCY DISCLOSURE ADDENDUM is made this 5th day of December, 2019, and is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement of the same date, given by the undersigned (the "Borrower") which modifies Borrower's Note and Security Instrument to Lakeview Loan Servicing, LLC by its attorney-in-fact M&T Bank

(the "Lender")

and covers the Property located at:

1250 SOUTHERN ROAD, YORK, Pennsylvania 17403
*[Property Address]*

In addition to the covenants and agreements made in the Loan Modification Agreement, the Borrower and Lender covenant and agree as follows:

1. **Borrower has filed for a Chapter 13 bankruptcy and, Lender's final approval of the Loan Modification Agreement is contingent upon approval of the Loan Modification Agreement by the bankruptcy court.**
2. **AFTER execution of the Loan Modification Agreement, the bankruptcy court may award the Borrower a Chapter 13 bankruptcy discharge upon completion of the Chapter 13 plan payments.**
3. Borrower understands and acknowledges that Borrower has had an opportunity to consult an attorney of Borrower's own choosing before Borrower executed the Loan Modification Agreement and this Loan Modification Agreement Bankruptcy Disclosure Addendum, and Borrower has either consulted with an attorney or has declined the opportunity to consult with an attorney.

Except as otherwise specifically provided in this Loan Modification Agreement Bankruptcy Disclosure Addendum, the terms of the Loan Modification Agreement will remain unchanged and in full effect.

| | |
|---|---|
| STUART D. SEIBERLING        -Borrower | NICOLE L. SEIBERLING, signing solely -Borrower to acknowledge this Agreement, but not to incur any personal liability for the debt |
| -Borrower | -Borrower |

LOAN MODIFICATION AGREEMENT BANKRUPTCY DISCLOSURE ADDENDUM                    Page 1 of 2
CHAPTER 13 ACTIVE BANKRUPTCY

Loan No.: 

Lakeview Loan Servicing, LLC by its  
attorney-in-fact M&T Bank    —Lender    _____ -Date

By: _____

Its: _____

LOAN MODIFICATION AGREEMENT BANKRUPTCY DISCLOSURE ADDENDUM     Page 2 of 2  
CHAPTER 13 ACTIVE BANKRUPTCY

**UNITED STATES BANKRUPTCY COURT**
MIDDLE DISTRICT OF PENNSYLVANIA

In re: Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

| | |
|---|---|
| Stuart David Seiberling<br>**Debtor 1**<br>Nicole Lyn Seiberling<br>**Debtor 2** | **Chapter** 13<br><br>**Case No.** 1:17-BK-05067-HWV<br><br>**Matter:** Motion for Mortgage Modification |

## ORDER OF COURT

UPON CONSIDERATION Debtor(s)' Motion for Mortgage Modification, and the Court finding that the relief prayed for is warranted and proper under the circumstances, and the Court being otherwise fully advised:

IT IS THEREFORE ORDERED that Debtor(s)' Motion is hereby GRANTED; and Debtor(s) and M&T Bankare granted APPROVAL by the Court to enter into the Mortgage Modification.

**UNITED STATES BANKRUPTCY COURT**
MIDDLE DISTRICT OF PENNSYLVANIA

In re: Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

| | |
|---|---|
| Stuart David Seiberling<br>**Debtor 1**<br>Nicole Lyn Seiberling<br>**Debtor 2** | **Chapter** 13<br><br>**Case No.** 1:17-BK-05067-HWV<br><br>**Matter:** Motion for Mortgage Modification |

### CERTIFICATE OF SERVICE

I hereby certify that on Tuesday, December 17, 2019, I served a true and correct copy of the **Debtor(s)' Motion for Mortgage Modification and proposed Order** in this proceeding via electronic means or USPS First Class Mail upon the recipients as listed in the Mailing Matrix.

/s/ Kathryn S. Greene

Kathryn S. Greene, Pa.C.P., Paralegal for
Paul D. Murphy-Ahles, Esquire

Label Matrix for local noticing
0314-1
Case 1:17-bk-05067-HWV
Middle District of Pennsylvania
Harrisburg
Tue Dec 17 08:51:28 EST 2019

Jerome B Blank
Phelan Hallinan & Schmieg LLP
One Penn Center
1617 JFK Boulevard, Suite 1400
Philadelphia, PA 19103-1814

CBY Systems
33 South Duke Street
York, PA 17401-1401

CENLAR
425 Phillips Boulevard
PO Box 77404
Ewing, NJ 08628-6404

Consumer Portfolio Services
19500 Jamboree Road
Irvine, CA 92612-2411

Consumer Portfolio Services
Po Box 57071
Irvine, CA 92619-7071

Convergent Outsourcing, Inc.
800 SW 39th Street
PO Box 9004
Renton, WA 98057-9004

Charles J DeHart, III (Trustee)
8125 Adams Drive, Suite A
Hummelstown, PA 17036-8625

Keri P Ebeck
Bernstein-Burkley
707 Grant Street
Suite 2200 Gulf Tower
Pittsburgh
Pittsburgh, PA 15219-1908

First Premier Bank
3820 North Louise Avenue
Sioux Falls, SD 57107-0145

Mario John Hanyon
Phelan Hallinan & Schmieg
1617 JFK BLVD
Suite 1400
Philadelphia, PA 19103-1814

Lakeview Loan Servicing, LLC
c/o Cenlar FSB
Attn: BK Department
425 Phillips Blvd.
Ewing, NJ 08618-1430

(p)M&T BANK
LEGAL DOCUMENT PROCESSING
626 COMMERCE DRIVE
AMHERST NY 14228-2307

Met Ed
FirstEnergy
Bldg 1 Site 1-51
101 Crawfords Corner Rd
Holmdel, NJ 07733-1976

Mid America Bank
5109 South Broadband Lane
Sioux Falls, SD 57108-2208

Paul Donald Murphy-Ahles
Dethlefs Pykosh & Murphy
2132 Market Street
Camp Hill, PA 17011-4706

ONEMAIN
PO BOX 3251
EVANSVILLE, IN. 47731-3251

OneMain Financial
601 NW 2nd Street
PO Box 3251
Evansville, IN 47731-3251

PRA Receivables Management LLC
POB 41067
Norfolk, VA 23541-1067

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

PRA Receivables Management, LLC
PO Box 41067
Norfolk, VA 23541
PRA Receivables Management, LLC
PO Box 41067
Norfolk, VA 23541-1067

Penn Credit Corporation
916 South 14th Street
PO Box 988
Harrisburg, PA 17108-0988

Penn Waste Inc
PO Box 3066
York, PA 17402-0066

Penn Waste, Inc.
85 Brick Yard Road
Manchester, PA 17345-9204

Phelan Hallinan Diamond & Jones
One Penn Center Plaza
1617 JFK Boulevard, Suite 1400
Philadelphia, PA 19103-1814

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Premier Bankcard, Llc
Jefferson Capital Systems LLC Assignee
Po Box 7999
Saint Cloud Mn 56302-7999

Ream Carr Markey Woloshin & Hunter
119 East Market Street
York, PA 17401-1221

Nicole Lyn Seiberling
1250 Southern Road
York, PA 17403-3046

Stuart David Seiberling
1250 Southern Road
York, PA 17403-3046

Thomas Song  
Phelan Hallinan Diamond & Jones  
1617 JFK Boulevard  
Suite 1400  
Philadelphia, PA 19103-1814

Southwest Credit Systems  
4120 International Parkway #1100  
Carrollton, TX 75007-1958

United States Trustee  
228 Walnut Street, Suite 1100  
Harrisburg, PA 17101-1722

James Warmbrodt  
701 Market Street Suite 5000  
Philadelphia, PA 19106-1541

Wellspan Health  
1001 S George St  
York, PA 17403-3676

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

M&T Bank  
P.O. Box 62182  
Baltimore, MD 21264-2182

(d)M&T Bank  
P.O. Box 62182  
Baltimore, MD 21264-2182  
M&T Bank  
P.O. Box 62182  
Baltimore, MD 21264-2182

Portfolio Recovery Associates, LLC  
PO Box 41067  
Norfolk, VA 23541-1067

(d)Portfolio Recovery Associates, LLC  
POB 12914  
Norfolk VA 23541

(d)Portfolio Recovery Associates, LLC  
POB 41067  
Norfolk VA 23541

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Consumer Portfolio Services, Inc.

(u)LAKEVIEW LOAN SERVICING, LLC

(u)M&T Bank

(d)PRA Receivables Management, LLC  
PO Box 41021  
Norfolk, VA 23541-1021

(d)PRA Receivables Management, LLC  
PO Box 41067  
Norfolk, VA 23541-1067

End of Label Matrix  
Mailable recipients    34  
Bypassed recipients     5  
Total                  39